UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEWTON DORSETT,<br>    Plaintiff(s),<br>v.<br>BRIAN MOGENSEN, et al.,<br>    Defendant(s). | Case No. 2:21-cv-00985-CDS-NJK<br>**Order**<br>[Docket No. 32] |

Pending before the Court is Plaintiff's motion for summary judgment. Docket No. 32. Defendant Mogensen filed a response in opposition. Docket No. 34.[1] Plaintiff filed a reply. Docket No. 35. The motion was referred to the undersigned magistrate judge. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for summary judgment is **DENIED** without prejudice.

When summary judgment is sought against a *pro se* defendant, the Court considers all of that party's contentions offered in motions and pleadings, so long as the information therein is made based on personal knowledge, sets forth facts that would be admissible as evidence, and was made under penalty of perjury. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Defendant's response to this motion for summary judgment consists of assertions that genuine issues of fact exist without citation to evidence and Defendant did not attest under penalty of perjury that the contents of his response are true and correct. *See* Docket No. 34. As a result, the response is insufficient to establish that genuine issues of material fact exist and the motion for summary judgment is effectively unopposed.

That the motion for summary judgment is effectively unopposed does not mean that Plaintiff will automatically prevail on it. A motion for summary judgment cannot be granted based

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

solely on the fact that it is not opposed. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); *see also* Local Rule 7-2(d). Instead, the movant must make a showing that he is entitled to judgment. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). In assessing such a motion, courts must "ensure that the motion itself is supported by evidentiary materials," *Pinder v. Employment Dev. Dept.*, 227 F. Supp. 3d 1123, 1135-36 (E.D. Cal. 2017), and may only consider admissible, authenticated evidence, *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994).

The motion papers do not show an entitlement to judgment for a variety of reasons. First, Plaintiff relies on an SEC complaint and injunction in an effort to establish the facts stated therein. *See, e.g.*, Docket No. 32 at 8-9.[2] "[A] court may take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents." *Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011). Such principles are particularly apt with respect to a complaint, which includes allegations as opposed to factual findings, *see* Fed. R. Civ. P. 11(b)(3), and with respect to a preliminary injunction order, which includes only *preliminary* findings that are subject to change, *see, e.g.*, *DISH Network Corp. v. FCC*, 653 F.3d 771, 776 (9th Cir. 2011) (observing that findings at preliminary injunction phase "may provide little guidance as to the appropriate disposition on the merits"). The moving papers do not establish a basis for the Court to accept as true the contents of these filings.

Second, the moving papers rely on deposition exhibits as evidence. *See, e.g.*, Docket No. 32 at 3.[3] The Court may consider on summary judgment only evidence that has been properly authenticated. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).[4] "[L]abeling a document as an exhibit to a deposition does not, itself, suffice to qualify it as admissible evidence

---

[2] The motion attaches a cover page for the SEC complaint, but does not actually provide the complaint as an exhibit. *See* Docket No. 32-1.

[3] The deposition exhibits are not always labeled clearly. *See, e.g.*, Docket No. 32-4 at 72 (appearing to have deposition exhibit label cutoff). If Plaintiff cites evidence based on deposition exhibit numbering, then Plaintiff must clearly display the deposition exhibit numbers.

[4] The deposition transcript itself is authenticated by attaching the cover page and the reporter's certification, *Orr*, 285 F.3d at 774, which was done here, Docket No. 32-4 at 3, 26.

for purposes of a motion for summary adjudication." *Flores v. Velocity Express, LLC*, 250 F. Supp. 3d 468, 478 (N.D. Cal. 2017). The moving papers do not explain how the deposition exhibits have been authenticated.

Third, the moving papers make numerous statements of fact without citation to evidence. *See, e.g.*, Docket No. 32 at 4 (stating without citation that "[a]t no point was Plaintiff's investment ever invested in Einstein or used for placing sports bets"). Failing to provide citation to the record negates the ability to consider these statements of fact on summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A); *see also Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).

Fourth, the moving papers cite to evidence without providing pin citations. *E.g.*, Docket No. 32 at 7 ("Mogensen knew of the SEC investigation in early 2017 but failed to advise Plaintiff. Ex. 3; Ex. 4"). Failing to provide pin citations violates Local Rule IA 7-3(e), which requires that references to exhibits "must include citations to the specific page(s) being referenced."

Accordingly, the motion for summary judgment is **DENIED** without prejudice.[5] Any renewed motion for summary judgment must be filed by March 9, 2023, and will be briefed pursuant to the default schedule in the local rules.[6]

IT IS SO ORDERED.

Dated: February 9, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] In addition to the concerns identified above, the Court also notes that the request for damages is insufficiently developed. The motion for summary judgment seeks an award of not just the monies Plaintiff paid to Defendant, but also "compensatory and punitive damages in the amount of $400,000." Docket No. 32 at 10. No meaningful argument is advanced in support of the requested award.

[6] The Court has not endeavored herein to catalogue all potential deficiencies in the motion for summary judgment. Any renewed motion for summary judgment must comply with all applicable rules and standards.

3