UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Newton Dorsett, | Case No. 2:21-cv-00985-CDS-NJK |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Brian Mogensen, et al., | |
| Defendant | |

Plaintiff Newton Dorsett filed his complaint against defendants Brian Mogensen and ESA Ltd. in May 2021, but has failed to diligently prosecute his claims.[1] Dorsett was ordered, for the third time, to show cause why this action should not be dismissed for failure to prosecute and for failure to comply with court orders. ECF No. 56. Dorsett was further ordered to show why sanctions should not be imposed for his continued violation of court orders. *Id.* at 3. Because Dorsett has taken no action in response, I hereby sanction Dorsett by entering this case-termination order and dismiss this action pursuant to Federal Rule of Civil Procedure 41(b).

I.     **Legal standard**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's

---

[1] As set forth in the first, second, and third orders to show cause. ECF No. 21; ECF No. 45; ECF No. 56.

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

## II. Discussion

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Dorsett's claims. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). A case that is delayed by a party's failure to comply with deadlines cannot move forward toward resolution on the merits. *In re Phenylpropanolamine*, 460 F.3d at 1227. For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dorsett has repeatedly failed to prosecute this action. In September 2021, Magistrate Judge Nancy Koppe entered a discovery plan and scheduling order setting the discovery cutoff for January 8, 2022. ECF No. 17. On the eve of the deadline, the parties filed a joint motion to extend the discovery cutoff. ECF No. 20. Judge Koppe denied the motion finding that their request for an extension did not establish the diligence required to show good cause to extend the deadline. ECF No. 23 at 1. She noted that the parties had done "no discovery in this case for more than four months" and, although Dorsett blames the lack of initial disclosures by Mogensen for the stalled discovery, Dorsett "does not show that [he] has been diligent in seeking to obtain those disclosures." *Id.*

Almost one month passed before the parties' filed a renewed motion to extend the deadlines. ECF No. 26. At a hearing on the matter, Judge Koppe granted the renewed motion, reopened discovery, and extended the scheduling order deadlines. ECF No. 29. After Dorsett's motion for summary judgment was denied (ECF No. 36), Judge Koppe ordered the parties to file a proposed joint pretrial order by April 20, 2023. ECF No. 37. Instead, on the day of the deadline,

the parties stipulated to extend the time to file the joint pretrial order by twenty-one days. ECF No. 39. That stipulation was denied for failing to state the reasons for the requested extension. ECF No. 40. Almost ten days passed without any action being taken by the parties, so I scheduled a status hearing to discuss the pretrial order and ordered the parties to file it within 45 days. ECF No. 41; ECF No. 44. A year later, no proposed joint pretrial order had been filed. *See* second order to show cause, ECF No. 45. The show-cause order was discharged based on the representations of counsel (ECF Nos. 46, 47), and Dorsett made meaningful efforts to meet and confer with Mogensen (ECF No. 49). Despite those attempts, no joint pretrial order was filed, and the case stalled for another four months.

In September 2024, the parties were again ordered to meet and confer to submit a joint proposed order by October 25, 2024. ECF No. 55. Dorsett was instructed that, if Mogensen refused to participate in the preparation of the order, Dorsett must submit an individual proposed order that includes an explanation of the steps counsel took to obtain Mogensen's participation. *Id.* Dorsett failed to comply with the court's order thereby prompting the third order of show cause. ECF No. 56. As evidenced *supra*, Dorsett's continued lack of diligence requires the court to devote additional time and resources to this matter; and Dorsett's continued non-compliance is consuming the court's limited time. Given Dorsett's failure to prosecute his case, I find that the public's interest in expeditious resolution of litigation and the court's need to manage its docket strongly support dismissal.

The third factor to consider is the risk of prejudice to the defendant. Although Mogensen has persistently failed to fully participate in this action, he strongly contests the allegations and believes he will be successful on the merits. ECF No. 52. However, this case cannot proceed without Dorsett's diligent prosecution. As the plaintiff, Dorsett bears the burden of presenting evidence excusing his delay in prosecuting his case. *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980). As of the date of this order, Dorsett has not offered any excuse for his delay. Because it appears that Dorsett does not intend to litigate this action

diligently, there arises a rebuttable presumption of prejudice to Mogensen. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (unreasonable delay creates a presumption of injury to a defendant's defenses). Given Dorsett's repeated and unreasonable delay, I find that the possibility of prejudice to Mogensen weighs in favor of dismissal.

The fourth factor, that public policy favoring disposition of cases on their merits, typically weighs against dismissal. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. *In re Phenylpropanolamine*, 460 F.3d at 1228. Because it is Dorsett's responsibility to move the case toward disposition at a reasonable pace, the fourth factor is greatly outweighed by the factors in favor of dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish*, 191 F.3d at 992 (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan*, 291 F.3d at 643 & n.4. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Dorsett's failure to file a joint or individual pretrial order, provide an explanation for his delay, or otherwise respond to the show-cause order, does not leave the court with less drastic alternatives; and Dorsett has been repeatedly warned that failure to prosecute and failure to comply with court orders constitutes grounds for dismissal. ECF No. 45; ECF No. 47; ECF No. 56. So the fifth factor also favors dismissal.

III.     Conclusion

Finding that the dismissal factors and circumstances of this case weigh heavily in favor of dismissal, this action is dismissed without prejudice under Federal Rule of Civil Procedure 41(b). The Clerk of Court is kindly instructed to close this case.

Dated: November 22, 2024

_____
Cristina D. Silva
United States District Judge